King, J.
This proceeding is brought to reverse the judgment of the common pleas, which was rendered against the defendant upon a recognizance for $330.00. It is urged here-as a reason why this judgment should be reversed that the petition does not show that the case in which the recognizance was given was continued, from one day to another, the period of time for which the bond was entered. We are of the opinion that the pleading, by averring that the defendant entered into recognizance to appear at the same court at a certain other day, is sufficient without showing that the justice or magistrate adjourned the case.
Another ground of objection is that the petition does not allege that forfeiture was duly made pursuant to a statute which provides that in pleading a judgment or other determination of a court it shall be sufficient to state that the same was duly made or rendered; but the amended petition, upon which judgment was taken in this case, sets forth exactly what was done to forfeit this bond.
It makes the allegation that the bond was thereupon forfeited — does not say duly forfeited, but having set forth the facts that on the hour and time named in the recognizance defendant did not appear, and continued to absent himself for more than one hour thereafter, and thereupon the names of the sureties were called at the door of the office, and he came not, and thereupon the justice declared the bond was forfeited, this would constitute a due forfeiture of the bond, and would not require an allegation in the pleading that it was duly forfeited. It is also claimed that the petition shows that the recognizance does not decribe any statutory *93 offense. The offense described in the recognizance is that the defendant was charged with passing counterfeit coins.
There is no crime described in just so many words in the statute, but the amended petition sets forth exactly what he was charged with at the time that the recognizance was given,and in 6th Ohio Reports, page 254, the court, in passing upon recognizance, say:
“It is contended by the defendants that this recognizance is in too general terms; that it is void for uncertainty, and, therefore, not matter of record on which an action can be sustained. The condition as set out in the declaration, is that the said William Dawson appear here, from day to day, during the present term, to answer what may be charged against him, and not depart without leave. This is in the usual form,'and no substantial objection to it is perceivable. It is not necessary to specify any charge in the recognizance which had been made against the accused, and for which alone he is to appear and answer, although it is necessary to aver in declaring on such a recognizance that the defendant was in custody on an accusation for some offense, or had been charged with some crime, before the court could hold him legally responsible for having forfeited his recognizance.”
That was a decision when we were under the old forms of pleading and practice, yet it was there held to be unnecessary to describe any offense in the recognizance itself. Directly in line with that is a decision of the New York Court of Appeals, referred to here in the 26th N. E Reporter, 469, in which they hold, under the provisions of their code:
“The omission in a bail-bond to specify the crime for which the bail is given does not release the surety, since thése substantial rights are not prejudiced by such omission, and by Code Crim. Proc. N. Y. sec. 684,it is declared that no proceeding under the code shall be invalid because of any error or mistake that does not prejudice defendant’s substantial rights. Reversing 12 N. Y. Supp. 40.”
We have no such provision-in our civil code,so we think this *94 objection is not good upon that ground. It is also said there was judgment here for interest,- but we are inclined to believe that is correct. It is said, or stated, that this sum is not fixed; that is to say, it is within the power of the court to reduce it.
The statute authorizes, in two different sections that the court, on presentation of a case like this,may reduce the bond or amount; or in one section provides that they may reduce it entirely if defendant appears,and in the other that the court may reduce it in accordance as the facts may show right and justice to be; but that is not a sufficient reason for holding that the bond does not draw interest. It is a promise to pay the money on condition broken, and, we think, draws interest from the time when due.
Therefore judgment will be affirmed.